UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN L. BAILEY,

        Petitioner,             Case No. 2:23-cv-11715
                                      Hon. George Caram Steeh

    v.

ADAM DOUGLAS,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7) <u>AND DENYING PETITIONER'S MOTION TO STAY (ECF No. 9)</u>**

Michigan prisoner Ryan L. Bailey, who is serving a lengthy prison sentence, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Bailey challenges his 2013 Grand Traverse Circuit Court conviction of four counts of first-degree criminal sexual conduct.

Before the Court is Respondent's motion to dismiss the petition, asserting that it was filed after expiration of the one-year statute of limitations. (ECF No. 7.) Bailey answered the motion by filing a motion to stay. He seeks permission to return to the state courts and attempt to

- 1 -

restore his appeal of right and thereby reset the limitations period. (ECF No. 9.)

I.

Bailey's convictions stem from allegations that he sexually assaulted his three young nieces over the course of several years. After a 2013 jury trial in the Grand Traverse Circuit Court, Bailey was convicted of four counts of first-degree criminal sexual conduct. (ECF No. 8-12, PageID.577-79.) Bailey was initially sentenced to lengthy consecutive terms. (*Id.* PageID.578.)

Following his conviction, Bailey filed a notice of appeal and was appointed appellate counsel. (*Id.* PageID.591, 596.) Appellate counsel filed an appellate brief in the Michigan Court of Appeals that raised five claims, challenging both the convictions and sentence. On June 2, 2015, the Michigan Court of Appeals affirmed the convictions but remanded the case to the trial court for resentencing. *People v. Bailey*, 873 N.W.2d 855, 859 (Mich. Ct. App. 2015).

Both Bailey and the prosecutor filed applications for leave to appeal in the Michigan Supreme Court. On October 15, 2015, the Michigan

Supreme Court denied both applications. *People v. Bailey*, 870 N.W.2d 68 (Mich. 2015) (Table).

On October 30, 2015, the trial court resentenced Bailey to concurrent rather than consecutive terms. (ECF No. 8-1.) Under Michigan Court Rule 7.205(A)(4), Bailey had six months to file a delayed direct appeal of his resentencing. Bailey did not attempt to file a direct appeal, and the deadline for doing so expired on April 30, 2016.

On August 10, 2018, over two years after the time for a direct appeal expired, Bailey filed a motion for relief from judgment in the trial court, raising new claims that were not presented on direct appeal. (ECF No. 8-7.) The trial court denied the motion by order dated November 13, 2018.  (ECF No. 8-9.) Bailey appealed, but on July 30, 2019, the Michigan Court of Appeals denied leave. (ECF No. 8-14, PageID.804.)

Bailey appealed to the Michigan Supreme Court, and on October 28, 2020, the Michigan Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. *People v. Bailey*, 949 N.W.2d 720 (Mich. 2020) (Table). On remand, the Michigan Court of Appeals affirmed the trial court's decision.  *People v. Bailey*, No. 347548, 2021 WL 4808838, at *6 (Mich. Ct. App. Oct. 14, 2021). On April 5, 2022,

the Michigan Supreme Court denied leave to appeal. *People v. Bailey*, 971 N.W.2d 649 (Mich. 2022) (Table).

Bailey made his first attempt to seek federal habeas relief by filing a motion for extension of time to file his habeas petition on December 27, 2022. The motion was denied because the filing was insufficient to commence a habeas action. *See Bailey v. Douglas,* No. 2:23-cv-10077 (E.D. Mich. February 8, 2023).

The habeas petition now before this Court was dated and signed by Bailey on July 12, 2023, and it was filed in this Court on July 18, 2023. Bailey asserts: (1) the trial court erred in failing to sequester witnesses, (2) the prosecutor committed misconduct by acting as an expert witness, (3) insufficient evidence was presented at trial to sustain his convictions, (4) the prosecutor committed additional acts of misconduct, (5) the trial court committed misconduct, (6) trial counsel provided ineffective assistance for failing to make objections at trial, and (7) trial counsel was ineffective for failing to call defense witnesses. (ECF No. 1.)

II.

A one-year statute of limitations governs federal habeas corpus petitions filed by state prisoners. The limitations period runs from the latest

- 4 -

of one of four specified dates. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). The applicable starting point here is the date on which the habeas petitioner's judgment became final on direct review or the day when the time for seeking direct review expired. *See* § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Bailey obtained sentencing relief during his initial appeal of right. When the trial court resentenced Bailey on October 30, 2015, it triggered his ability to file a second direct appeal. Bailey, however, did not file such an appeal, and the expiration of time for doing so was April 30, 2016. *See* Mich. Ct. R. 7.205(A)(4); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Bailey therefore had one year from that date, or until April 30, 2017, to timely file his federal habeas petition under § 2244(d)(1)(A).

Bailey failed to file his federal petition by that date. Instead, he filed a motion for relief from judgment in the trial court on August 10, 2018, which was more than one year *after* the statute of limitations had already expired. The filing of the petition for state post-conviction review did not restart or toll the statute of limitations because it had already expired. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012) (holding that because the petitioner had filed his application for collateral review

- 5 -

after the limitations period had already expired, he was not entitled to statutory tolling); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Accordingly, whether the Court looks to Bailey's first attempt to file his habeas petition on December 27, 2022, or whether it looks to the date he signed his current petition on July 12, 2023, it was filed several years after the limitations period expired and is therefore untimely.

### III.

In his habeas petition, Bailey asserts that he is entitled to equitable tolling of the limitations period due to the COVID pandemic.

A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The COVID pandemic does not provide a basis for equitable tolling Bailey's petition. The limitations period started running on April 30, 2016, and it expired a year later, several years before the pandemic. Bailey therefore fails to assert facts demonstrating that COVID "interfered with his ability to file a timely [habeas] motion." *See, e.g., United States v. West*,

578 F. Supp. 3d 962, 967 (N.D. Ohio 2022). Bailey offers no other

argument in support of equitable tolling.

The Court notes that a habeas petitioner may also demonstrate

entitlement to tolling if he establishes that he is actually innocent. "To be

credible, such a claim [of actual innocence] requires petitioner to support

his allegations of constitutional error with new reliable evidence—whether it

be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence—that was not presented at trial." *Schlup v. Delo*,

513 U.S. 298, 324 (1995); *see also Souter v. Jones*, 395 F.3d 577, 590 (6th

Cir. 2005). Bailey does not offer any new evidence of his innocence, and

therefore he fails to establish entitlement to equitable tolling on that basis.

## IV.

Bailey also filed a motion to stay proceedings in response to

Respondent's motion to dismiss. Bailey asserts that under Michigan Court

Rule 6.428, he intends to file a motion in the trial court to restore his appeal

of right. Bailey asserts that if he is successful in renewing his appeal of

right, the statute of limitations will also be reset under § 2244(d)(1)(A).

Rule 6.428 provides:

> If the defendant, whether convicted by plea or at trial, was
> denied the right to appellate review or the appointment of

appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

Bailey does not assert that he was denied the right to appellate review or the appointment of appellate counsel, and the record shows that both occurred. Instead, Bailey asserts that his appellate counsel was ineffective for failing to raise additional claims on direct review. (ECF No. 9.) Such an argument fails because even Bailey can demonstrate that his counsel was ineffective for failing to raise additional claims, such an argument would not provide a basis for restoring his appeal of right.

It is true that demonstrating a certain form of ineffective assistance of appellate counsel may suffice to restore appellate rights, but the deficient performance at issue must by the kind that deprived the defendant of pursuing an appeal of right altogether. *See, e.g., People v. Rivers*, 2023 Mich. App. LEXIS 7278, *2 (Oct. 10, 2023); *People v. Tardy*, 2023 Mich. App. LEXIS 7190, *13-14 (October 5, 2023) (both citing *Roe v. Flores-Ortega*, 528 US 470, 484 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal").

- 8 -

The Court is aware of no case, and Bailey cites none, standing for the proposition that appellate counsel's failure to raise a claim may entitle a defendant to restoration of his appeal of right. Indeed, such an argument would run counter the structure of Michigan's post-conviction review scheme. Specifically, under Michigan Court Rule 6.508(D)(3), a showing that appellate counsel was ineffective for failing to raise a claim may entitle a defendant to post-conviction review on the merits of such a claim. But those rules do not contemplate the restoration of a direct appeal on that basis.

Bailey therefore fails to demonstrate that a plausible path exists for him to somehow restore his appeal of right and thereby reset the statute of limitations. The motion to stay will be denied.

V.

Accordingly, the Court finds that the petition was filed after expiration of the one-year statute of limitations, and Bailey is not entitled to equitable tolling or a stay of proceedings.

Furthermore, because jurists of reason would not debate the Court's conclusion, the Court will also deny Bailey a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

- 9 -

Finally, the Court will deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

VI.

Therefore, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2024

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 22, 2024, by electronic and/or ordinary mail and also on Ryan L. Bailey #883931, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Lashawn Saulsberry
Deputy Clerk

- 10 -